## FAILURE OF LANDLORD TO REPAIR PREMISES INJURED BY FIRE.

Circuit Court of Summit County.

RUSSELL T. DOBSON v. CHARLES T. HOWE ET AL.

Decided, October 12, 1910.

*Landlord and Tenant—Provision in Lease for Repairs in Case of Fire—Landlord's Neglect to Repair Relieves Tenant from Rent.*

While a tenant was in possession of a storeroom under a lease which provided, "if the premises be slightly damaged by fire they shall be promptly repaired by the party of the first part," a fire occurred and the premises were damaged by fire and also by water used in its extinguishment. The fire occurred on the fifth of the month, on the twenty-first the tenant gave notice that he would move out if the premises were not repaired, and nothing substantial being done in that respect, he moved out on the last day of the month, *Held:* The tenant was not liable for rent thereafter.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for rent on a lease of a room in a building owned by Dobson, which defendants occupied as a grocery store. Defendants defended on the ground that the store room was so damaged by fire to be unsuitable for use as a grocery store and that the landlord neglected to repair the same within a reasonable time, whereupon they vacated the premises.

The case was tried without a jury and judgment was rendered on the evidence for the defendants. It is claimed that this judgment is not sustained by the evidence and some argument is based upon the difference between the covenant in the lease regarding the situation developed by the fire and the provision of the General Code upon the subject.

Section 6521, General Code, reads as follows:

"The lessee of a building which, without fault or neglect on his part, is destroyed or so injured by the elements or other cause, as to be unfit for occupancy, shall not be liable for rent to the lessor or owner thereof after such destruction or injury, unless otherwise expressly provided by written agreement or

covenant.  The lessee must thereupon surrender possession of
the premises so leased.''

The lease contains the following covenant: ''if the premises
be slightly damaged by fire they shall be promptly repaired by
the party of the first part.''

In the view we take of the evidence it is immaterial whether
the statute or the covenant controls.

The sole damage to the premises was from fire.  While much
discussion was had on the hearing with regard to damage from
water, as distinguished from damage by fire, the water spoken
of was that poured into the store room by firemen in an effort
to put out the fire.  The damage was all covered by. insurance
against fire, for it resulted directly from the fire which neces-
sarily required the use of water for its extinguishment.

Having this in mind we find there was evidence sufficient to
establish the proposition that the store was ''so injured by the
elements as to be unfit for occupancy,'' using the words of the
statute, and that it was ''slightly damaged by fire,'' using
the words. of the lease, so that it became the landlord's duty to
promptly repair the same.  Indeed, we think the premises were
very seriously damaged by fire; though the walls remained, the
room was unfit for occupancy.

The record shows that the landlord neglected his duty to
repair the premises.  The fire occurred on November 5; Dobson
did nothing in the way of repairs except to put some boards
over a skylight, where the glass was broken.  This shut out
the light; no heat was furnished.

On November 21, the tenants gave the landlord notice that
they would abandon the premises if nothing was done to make
the premises fit for occupancy.  He did nothing and they moved
out November 30th, paying for the month of November.

We think they had a right to move out and terminate the
lease and not that the law required them to remain, make
their own repairs and then sue the landlord in damages for
breach of his agreement to promptly repair, as claimed by
plaintiff.

There being in the record sufficient evidence to sustain the
judgment, it is affirmed.